**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

**APRIL WALKER**                                                                          **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.:** 1:24-cv-1025
                                                                       **JURY TRIAL DEMANDED**

**WEST TENNESSEE HEALTHCARE, INC.,
WEST TENNESSEE MEDICAL GROUP, INC.,
and WT REGIONAL MEDICAL ASSOCIATES**                          **DEFENDANTS**

<u>**COMPLAINT**</u>

Plaintiff, April Walker, by and through her attorneys, Johnson & Bennett, PLLC, brings this Complaint for a cause of action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990 as amended by the ADA Amendments Act of 2008 (ADAAA), 42 U.S.C. § 12101 *et. seq.*, and the Family Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601 *et seq.*, and states as follows:

<u>**PARTIES**</u>

1.      Plaintiff, April Walker, is an adult citizen of Dyer County, Tennessee.

2.      Defendant, West Tennessee Healthcare, Inc. (WTH) is a not-for-profit corporation organized under the laws of the State of Tennessee with its principal place of business at 620 Skyline Drive, Jackson, TN 38301.  Defendant may be served with process through its registered agent, Charleyn Reviere, 805 N Parkway, Jackson, TN 38305.

3.      Defendant, West Tennessee Medical Group, Inc. (WTMG) is a not-for-profit corporation organized under the laws of the State of Tennessee with its principal place of business at 620 Skyline Drive, Jackson, TN 38301.  Defendant may be served with process through its registered agent, Charleyn Reviere, 805 N Parkway, Jackson, TN 38305.

4.      Defendant, WT Regional Medical Associates (WTR) is a not-for-profit corporation organized under the laws of the State of Tennessee with its principal place of business at 620 Skyline Drive, Jackson, TN 38301 and was formerly known as West Tennessee Medical Group Primary Care Caruthersville.  Defendant may be served with process through its registered agent, Charleyn Reviere, 805 N Parkway, Jackson, TN 38305.

5.      At all times relevant to the facts of this case, Defendants have all continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is invoked pursuant to federal question under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. §1343.  This Court has authority to award costs and attorney fees pursuant to 42 U.S.C § 1988.

7.      Pursuant to 42 U.S.C. § 2000e-5(f)(3), venue is proper in the United States District Court for the Western District of Tennessee, Eastern Division, because the unlawful acts occurred in whole or part in Tennessee and the employment records relevant to this action are maintained at the Defendants' principal place of business in Madison County, Tennessee.

8.     On October 14, 2022, Plaintiff filed a Charge of Discrimination (COD) (560-2022-02403) against Defendants for race and disability discrimination and retaliation with the United States Equal Employment Opportunity Commission (EEOC), which Plaintiff amended on December 5, 2022, attached as Exhibit A.

9.     On October 26, 2023, the EEOC issued Plaintiff a Determination and Notice of Rights for her COD against Defendants, attached as Exhibit B.

10.     Plaintiff timely files this action.

## **FACTS**

11.     Plaintiff, April Walker, is a black female certified family nurse practitioner (FNP-C).

12.     Plaintiff suffers from lupus, a disease that occurs when the body's immune system attacks its own tissues and organs (autoimmune disease).

13.     Inflammation is a primary symptom caused by lupus which can affect many different body systems — including joints, skin, kidneys, blood cells, brain, heart and lungs.

14.     Defendants are a comprehensive health system operating hospitals and clinics, as well as providing other healthcare services, throughout West Tennessee.

15.     WTH owns WTMG, a network of providers in West Tennessee, and WTR which was the primary care clinic in Caruthersville.

16.     Plaintiff worked for WTH as a registered nurse in July 2013, but voluntarily separated from Defendant WTH in March 2015 to work at Dyersburg Regional Hospital, which was not owned by WTH.

3

17.     After Ms. Walker completed her Master's Degree, she continued to work at Dyersburg Regional Hospital as a Nurse Practitioner in the Emergency Department.

18.     WTH purchased Dyersburg Regional Hospital in March 2018, becoming Ms. Walker's employer again.

19.     In September 2018, Ms. Walker took a position as a nurse practitioner at the Primary Care Caruthersville location.

20.     When Ms. Walker took the position at the Primary Care clinic in Caruthersville, Missouri, she entered into a contract or Letter of Agreement (LOA) with WTMG to work as a nurse practitioner at its location in Caruthersville, just across the Mississippi River from where Plaintiff lived in Dyer County, TN.

21.     Ms. Walker was eligible for intermittent FMLA leave due to her lupus diagnosis.

22.     Ms. Walker learned that how managers would note absences as FMLA was not the correct way to obtain approval for FMLA covered absences and that some of her absences were being denied FMLA coverage due to the manner in which the leave was being requested.

23.     Ms. Walker noticed differences in how she was treated as compared to the other nurse practitioner at Caruthersville, Angela Constant (WF).

24.     Constant had a very nice office with windows that was located near the two registered nurses that assisted Constant and Walker.

25.    Since 2019, there had been a vacant office near the restroom and closer to the nurses than Walker's office, which was located near the front, away from the restroom, the nurses, and Constant, and which was a small windowless room.

26.    Ms. Walker had been requesting to move to the vacant office for years, but was continually denied, despite her request to be moved as an accommodation because she needed to be closer to the restroom due to issues arising from her lupus diagnosis.

27.    Ms. Walker noticed that the other nurse practitioner in Caruthersville, a white female named Angela Constant, was receiving more appointments than Ms. Walker through Office Manager Mary Holifield (WF).

28.    Ms. Walker also noticed that the two nurses provided more assistance to Constant than to Walker.

29.    Ms. Walker requested the assistance of one of the nurses, both out of fairness as well as based on the need for accommodation for her lupus.

30.    Ms. Walker brought some of the differences in treatment to the attention of Office Manager Holifield, but nothing was ever done.

31.    Ms. Walker complained to her Director, Anna Telton (WF), throughout 2021, but nothing was done.

32.    In the fall of 2021, Ms. Walker made a complaint of race and disability discrimination to Defendants' compliance portal.

33.    In December of 2021, Ms. Walker met with Kristin Ward (WF) regarding her portal complaint of discrimination.

34.    Rather than address Plaintiff's complaints, on January 7, 2022, Ms. Walker was met by Ward, Telton, Holifield, and Keri Swims to discuss alleged issues with Plaintiff.

35.    Defendants gave Ms. Walker a write up allegedly addressing perceived lack of professionalism by a white nurse.

36.    Thereafter, Plaintiff continued to complain about racism, disability discrimination, and retaliation to management with Defendants, including Chief Compliance and Communications Officer, Amy Garner, Finance Director, J. Neal Rager, and others in Human Resources.

37.    There being no resolution to Plaintiff's complaints, she filed her charge of discrimination with the EEOC.

38.    A week after Plaintiff filed her charge of discrimination, she was terminated for alleged performance issues.

39.    Any performance issues were directly related to Defendants' failure to accommodate Plaintiff, the discrimination that Plaintiff complained about, and retaliation.

40.    Plaintiff had not received any performance evaluations that indicated she was not doing her job.

41.    On August 8, 2023, WTH notified Plaintiff, by letter that "During the most recent evaluation of your quality date encompassing July-December 2022, no issues were identified."

42.   Likewise, Plaintiff received a similar letter dated January 9, 2023, for January to July 2022, again noting that "no issues were identified."

43.   Ms. Walker was written up and her complaints were disregarded for more than a year because of her race, her disability, and because of retaliation for Plaintiff complaining.

44.   The reason Ms. Walker was terminated was due to her race and disability and based upon her prior complaints of discrimination and retaliation.

45.   Defendant had notice of Ms. Walker's complaints of discrimination and retaliation.

46.   Defendant knew about Ms. Walker's lupus, her treatment for same, and her need for accommodation to perform certain duties of her job.

47.   Ms. Walker was able to perform all essential functions of her job with accommo-dation.

48.   Defendants did not want Plaintiff to miss work due to her disability which was protected leave under the FMLA.

49.   Defendants retaliated against Plaintiff by terminating her when she continued to complain about discrimination and retaliation and her need for protected leave under the FMLA.

50.   Defendants violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the ADAAA, and the FMLA.

51.   Defendant's violations of Plaintiff's statutory rights were intentional and willful and done in direct disregard for Plaintiff's right to be free from such unlawful discriminatory activity.

52.     Defendant's violations of Plaintiff's statutory rights were intentional and willful and done in direct disregard for Plaintiff's right to be free from retaliation for protected activity.

53.     Defendants actions which violated federal law, which were done intentionally or with reckless disregard, such that punitive damages and liquidated damages are warranted.

54.     Plaintiff suffered loss of pecuniary interest due to the actions of the Defendants in discriminating and retaliating against her, including loss of pay, loss of opportunities, benefits, and other tangibles.

55.     Plaintiff has suffered mental anxiety and stress, inconvenience, loss of enjoyment of life, loss of income and valuable benefits as a result of the Defendant's actions.

### PRAYER FOR RELIEF

56.     Plaintiff sustained substantial monetary and non-monetary damages as a result of Defendant's illegal conduct, and Ms. Walker demands such legal and equitable relief as will effectuate the purposes of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1981, the FMLA, and the ADAAA, including but not limited to, the following:

    a.  Accrual of back pay, fringe benefits, and other emolu-
ments of employment;

    b.  Compensatory damages;

    c.  Punitive damages;

    d.  Liquidated damages,

    e.  Loss of enjoyment of life;

    f.  Lost opportunities;

    g.  Costs and attorney fees;

    h.  Appropriate affirmative action;

    i.  Any interest due on the amount awarded; and

    j.  Any other relief that this Court deems just and equitable.

57. Plaintiff prays that a jury be empaneled to decide this matter and determine damages and that Plaintiff be awarded reasonable attorney fees and costs.

THIS the 24th day of January, 2024.

Respectfully submitted,

APRIL WALKER

**_/s/Kristy L. Bennett,_** _____
KRISTY BENNETT BPR# 30016
TRESSA V. JOHNSON BPR# 26401
Attorneys for Plaintiff
Johnson & Bennett, PLLC
1407 Union Ave., Ste. 807
Memphis, TN 38104
(901) 402-6601
kristy@myjbfirm.com